**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCHOOL DISTRICT | : | |
| OF PHILADELPHIA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEBORAH A., parent and | : | |
| natural guardian of | : | |
| CANDISS C., a minor, and | : | |
| CANDISS C., | : | No. 08-2924 |
| Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                July 8, 2011

Candiss C. was denied a Free Appropriate Public Education ("FAPE") by the School
District of Philadelphia ("the District") during the 2006-07 school year.  She was therefore
awarded compensatory education.  Candiss C. and her mother, Deborah A. (collectively
"Defendants") had sought compensatory education for other school years, arguing that the
District continuously failed to meet its obligations under the Individuals with Disabilities in
Education Act ("IDEA").  These claims were ultimately barred by the IDEA's statute of
limitations.  Defendants, as the prevailing party, seek attorneys' fees as costs, as permitted by the
IDEA.  The District, which does not challenge that Defendants are entitled to attorneys' fees,
disputes certain time entries and seeks to reduce the award based on the limited success
Defendants achieved.  Defendants seek $52,755.30; the District argues that $22,388.25 in costs is
reasonable.  The Court awards $35,580.03.

## I.    BACKGROUND

As a result of the District's failure to comply with the IDEA, Deborah A. sought for her daughter:  (1) compensatory education from the 1999-2000 school year through the 2006-07 school year, excluding the 2005-06 school year; and (2) compensatory education for the summer of 2007.  Following a due process hearing, a hearing officer determined that the District failed to provide Candiss C. with FAPE for the 2006-07 school year, but that the IDEA statute of limitations barred any claims for compensatory education and remedies prior to July 27, 2005. The hearing officer also declined to award Candiss C. compensatory education for the summer of 2007.  However, Candiss C. was awarded compensatory education at the rate of two hours per day for the 2006-07 school year.

Both parties appealed the hearing officer's decision.  The appeals panel largely affirmed the decision of the hearing officer but modified the decision because the appeals panel concluded that the District's denial of FAPE for Candiss C. was sufficiently pervasive to warrant a day-for-day remedy.  Accordingly, Candiss C. was awarded 5.5 hours of compensatory education per day for the 2006-07 school year.

The District and Defendants both objected to the appeals panel's decision.[1]  The District requested that this Court affirm the decision with one key exception – the District sought to reinstate the hearing officer's award of two hours per day.  Defendants, on the other hand, wanted this Court to remand this matter so that a hearing officer could consider Candiss's claims previously deemed outside the statute of limitations.  Defendants also asked this Court to reverse

---

[1] Because both the District and Defendants appealed to this Court, there were two actions involving these parties before this Court.  The actions were consolidated onto one docket and Candiss C. and Deborah A. were deemed Defendants.

the appeals panel's decision that Candiss C. was not entitled to compensatory education services for the summer of 2007. Finally, Candiss C. and Deborah A. asked the Court to affirm the appeals panel's 5.5 hours per day compensatory education award for the 2006-07 school year. This Court held: (1) the statute of limitations barred Candiss C.'s request for relief for claims that existed prior to July 1, 2005; (2) the denial of FAPE was pervasive enough to warrant an award of 5.5 hours a day; (3) the District did not deny Candiss C. FAPE during the summer of 2007; (4) compensatory money damages were not available under the IDEA; and (5) compensatory education, but not money damages, was the appropriate remedy under the Rehabilitation Act for the District's denial of FAPE.

On April 3, 2009, Candiss C. and Deborah A. filed a motion for attorneys' fees seeking $57,022.52 in costs. The Court held the motion in abeyance because Defendants appealed this Court's decision on the merits of their claims. The Third Circuit affirmed this Court's decision on April 6, 2011. The District then filed a response to the fee petition arguing that $22,388.25 in fees and costs was reasonable. Candiss C. and Deborah A. filed a reply slightly lowering their request to $52,755.30.

## II.     DISCUSSION

### A.     Attorneys' Fees

The IDEA allows a court to award reasonable attorneys' fees "as part of the costs" to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I). A parent qualifies as a prevailing party if he or she "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *John T. ex rel.*

*v. Del. County Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003).

To arrive at a reasonable award of attorneys' fees, the Court must calculate the lodestar, which is the number of hours reasonably expended multiplied by a reasonable hourly rate for legal services. *See McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). Although the lodestar yields a presumptively reasonable rate, the court may lower the amount "to account for 'limited success' by a plaintiff, focusing on 'the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 151 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983)). The court may adjust the fee award downward due to the limited success of the prevailing party even if the unsuccessful claims "were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436; *see also Damian J. v. Sch. Dist. of Phila.*, Civ. A. No. 06-3866, 2008 WL 1815302, at *5 (E.D. Pa. Apr. 22, 2008) (applying 5% negative multiplier in IDEA case as a result of limited success), *aff'd*, 358 F. App'x 333 (3d Cir. 2009)

The prevailing party must prove the reasonableness of its fee request. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The court can decrease a fee award based on objections of the adverse party. *Id.*; *see also Bell v. United Princeton Props.*, 884 F.2d 713, 715 (3d Cir. 1989). The court may exclude time expended that is excessive, redundant, or otherwise unnecessary. *Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583, 595 (3d Cir. 2000). A party seeking fees must also describe with sufficient clarity and detail the tasks performed to allow the court to determine if the time spent was reasonable. *See Neena S. ex rel. Robert S. v. Sch. Dist. of Phila.*, Civ. A. No. 05-5404, 2009 WL 2245066, at *4 (E.D. Pa. July 27, 2009). "Nevertheless, 'it is not necessary to know the exact number of minutes spent nor the precise

activity to which each hour was devoted nor the specific attainments of each attorney.'" *Id*. (quoting *Rode*, 892 F.2d at 1190).

Defendants seek $52,755.30 in costs, including attorneys' fees. The District does not dispute that Deborah A. is a prevailing party, nor do they object to the hourly rates charged by Defendants' lawyers. Instead, the District claims that the hours spent by the lawyers were not reasonable, and also contends that the limited success achieve by Deborah A. and Candiss C. warrants a reduction in the fees to be awarded. Defendants suggest that $22,038.25 for attorneys' fees is reasonable, as is $350 in costs. Thus, the District asks this Court to award $22,388.25.

### 1. Vagueness

The District objects to $5,056.91 in fees based on the purported vagueness of certain entries. (Resp. in Opp'n to Mot. of Def. for Counsel Fees [District's Opp'n] at 9-11.) Specifically, the District takes issue with many entries related to reviewing material and interoffice communication. The Court has reviewed the records and disagrees with the District. Defendants submitted updated fees records with their reply. (Reply in Further Supp. of Mot. for Counsel Fees [Reply] at Ex. A [Bills].) Files must be reviewed and it is reasonable for lawyers and paralegals to communicate about a case throughout the course of the litigation. The entries to which the District objects describe what was reviewed, why it was reviewed, who reviewed the material, and the time spent reviewing the material. The entries are not vague because they fail to mention the specific substance of a communication or list every document looked at by a member of the litigation team. This Court expects a reasonable description of how attorneys spent their time; a tome of legal bills is not necessary and this Court should not review more pages in bills than in briefs. *See Fox v. Vice*, 131 S. Ct. 2205, 2210 (2011) (noting that a fee

petition should not lead to a second major litigation because "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection").

The Court will not deduct any time as unreasonable due to vagueness.

### 2. Duplicative billing

The District argues that counsel included several duplicative billing entries. (District's Opp'n at 13-14.) The Court agrees with Defendants that the District has failed to point to any entries in which two lawyers or staff members unnecessarily performed the same tasks. It is not always unreasonable for multiple attorneys to review the same materials.

The District also objects to two attorneys attending a Rule 16 conference before the Court on November 12, 2008. (*Id*. at 14.) While it is sometimes not necessary for more than one attorney to attend an initial pretrial conference, that does not mean such conduct is always unreasonable. As counsel for Deborah A. and Candiss C. note, they are not attempting to charge the District for mentoring young lawyers. (Reply at 9.) The Court agrees and will not deduct time because two attorneys attended the conference. However, the bills show that the two attorneys charged different amounts of time to travel to and attend the conference. (Bills.) Defendants belatedly added an entry of "[r]eview of file materials/Interoffice communication" to explain the difference in time spent on this task, but the Court will nonetheless deduct .25 hours, totaling $60 based on an hourly rate of $240, so that the their time spent on this task is equal.

### 3. Unnecessary billing

The District takes issue with the amount of time counsel for Defendants spent preparing for closing argument at the due process hearing. (District's Opp'n at 11-12.) Counsel seeks $9,930 in fees spent preparing the closing argument, including thirty-eight hours spent by one

attorney preparing and editing the closing and three hours spent by a more senior attorney reviewing and revising that document. (Reply at 6.) The District recommends shaving the hours spent on this document to fifteen, eliminating the hours spent by David Painter reviewing and revising the closing argument. (District's Opp'n at 12.) Deborah A. and Candiss C. contend that the District has mischaracterized the closing argument. They suggest that the thirty-seven page document is akin to an appellate brief. (Reply at 6.) Additionally, counsel had to synthesize hundreds of pages of testimony and numerous exhibits, as well as provide detailed legal analysis to prepare the document. (*Id.*)

The Court considers the closing argument, which was included with the reply brief, to be well thought-out and ably prepared. Although the District has discounted the importance of this document too much, the hours expended were slightly excessive. Accordingly, the Court will deduct eight hours spent on the closing, reducing the award by $1920, based on the hourly rate of $240. The Court will also deduct one hour spent reviewing and revising the closing, further reducing the award by $270.

### 4. *Limited success deduction*

After the deductions, the Court calculates the lodestar for attorneys' fees to be $49,750.90. The District, however, seeks to further reduce the lodestar by 50% given the limited success achieved by Candiss C. and Deborah A. (District's Opp'n at 15-17.) Specifically, Defendants sought compensatory education for school years 1999-2000 through 2006-07, excluding the 2005-06 school year. They also sought extended school year services for the summer of 2007. Though Candiss was awarded compensatory education for the 2006-07 school year, this Court concluded that the statute of limitations barred her earlier claims; that ruling was

affirmed on appeal. The Court also agreed that Candiss was not improperly denied extended school year services for the summer of 2007.

Deborah A. and Candiss C. claim that the lodestar should not be reduced despite their partial success because they "obtained the twin central goals of this litigation, i.e., a declaration that the District denied Candiss a FAPE and an award of compensatory education." (Reply at 11.) Furthermore, Defendants argue, it would be too difficult to separate the time spent on the statute of limitations argument, and the Court should focus its attention on the time counsel spent on the litigation as a whole. (*Id*. at 11, 13.)

The District's denial of FAPE for 2006-07 was a serious departure from its obligation to Candiss C. Additionally, the transgression was serious enough for the appeals panel to increase the award of compensatory education from 2 hours per day of to 5.5 hours per day, a decision with which this Court concurred. But this post hoc revision of the success achieved by Defendants does not comport with the record. Defendants sought significantly more compensatory education than they were awarded based on their reading of the IDEA statute of limitations that, while hotly contested, ultimately proved incorrect. Nonetheless, halving Defendants' fees for their limited success unnecessarily denigrates the relief they achieved. The Court finds that a reduction of 30% reasonably rewards Defendants for their success and recognizes the limited success they achieved. Thus, the Court will award Defendants $34,825.63 in attorneys' fees.

### B.    Costs

The law allows a court to tax costs, including filing fees and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920

(4) & (5).

The amount sought in costs and fees is reasonable and properly charged to the District. The filing fee spent in removing the case to this Court was not merely a procedural nicety; it helped avoid this litigation from proceeding on parallel tracks and potentially requiring duplicative work. As for the copying costs, the Court finds that they were necessary for the case and thus can be recovered.

The Court will award $754.40 in costs.


III.     **CONCLUSION**

With a few minor exceptions, the Court finds that the hours expended by counsel for Defendants was reasonable. The Court will, however, reduce the lodestar by 30% to reflect Defendants' limited success. The Court finds that the copying costs and filing fees submitted by Defendants are also reasonable and will award those costs to Defendants. The final award is $34,825.63 in attorneys' fees and $754.40 in costs for a total of $35,580.03. An Order consistent with this Memorandum will be docketed separately.